UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
*******************************
ELAINE CHAO, SECRETARY OF LABOR,   *
  United States Department of Labor,   *
                                       *
                      Plaintiff,       *
                                       *   CIVIL ACTION
              v.                       *
                                       *   FILE NO.
AMBIANCE 401(k) PLAN & TRUST,          *
                                       *
                      Defendant.       *
*******************************
```

## COMPLAINT FOR EQUITABLE RELIEF

1.      This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(5).

### JURISDICTION, PARTIES and VENUE

2.      Jurisdiction over this action is conferred upon the Court by Section 502 (e)(1) of ERISA, 29 U.S.C. § 1132 (e)(1).

3.      The Ambiance 401 (k) Plan and Trust ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

The Plan was sponsored by the Marcel French Salon, Incorporated, d/b/a Ambiance ("Ambiance"), an employer that employed employees covered by the Plan.

4. Venue for this action lies in the District of Massachusetts where the Plan was administered, pursuant to Section (e)(2) of ERISA, 29 U.S.C. § 1132 (e)(2).

## FACTUAL ALLEGATIONS

5. Karen Vail, the principal of Ambiance, was the Plan Administrator of the Plan under the Plan documents. In 2000 Ambiance's business was destroyed by fire, and Karen Vail received injuries from which she died in 2002.

6. Under the Plan documents which defined the scope of the Plan and the duties of its Administrator, the sole Plan Administrator for the Plan was Karen Vail. As Plan Administrator, Ms. Vail had a duty to take steps to ensure the continuing prudent administration of the Plan.

7. To the best of the Secretary's knowledge and belief, at no time did Ambiance appoint a fiduciary to replace the late Ms. Vail as Plan Administrator. Further, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. Ambiance has been completely defunct for approximately two years.

8. To the best of the Secretary's knowledge and belief, the assets of the Plan are being held by American Funds of Indianapolis, Indiana where said assets totaling over $54,700.00 are invested in a variety of mutual funds.

9.  Since Ambiance became defunct and Ms. Vail died, participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances, nor have they been able to receive distributions of their account balances.

10. To the best of the Secretary's knowledge the Plan has not been terminated.

11. As a direct consequence of the facts and circumstances set forth in Paragraphs Nos. 1-11 above, the Plan presently does not have a named fiduciary or trustee with exclusive authority and discretion to manage and control its operation and administration as required by ERISA § 402(a), 29 U.S.C. §1102 (a), and ERISA § 403 (a), 20 U.S.C. § 1103 (a), and there is no one other than this Court with the authority to appoint a new fiduciary with such necessary authority.

12. As a direct consequence of the facts and circumstances set forth in Paragraph Nos. 1-11 above, participants are unable to access their account balances and to obtain their appropriate distributions pursuant to the terms of the Plan, and the Plan's termination cannot be achieved. Moreover, as there presently is no person or entity who has even attempted to act in a fiduciary capacity toward the Plan, there is no prospect for relief for the beneficiaries whose monies are being held by the Plan but who, in the absence of a fiduciary, may not receive distributions of their funds.

WHEREFORE, pursuant to Section 502(a)(5) of ERISA, 29 U.S.C. § 1132 (a)(5), Plaintiff prays that the Court:

  A. Appoint an independent fiduciary who shall be recommended by the United States Department of Labor to administer the Plan, and who shall effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination.

  B. Provide such other relief as may be just and equitable.

| | |
|---|---|
| Post Office Address:<br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>JFK Federal Building<br>Room E-375<br>Boston, Massachusetts 02203<br><br>TEL: (617)565-2500<br>FAX: (617)565-2142 | Howard Radzely<br>Solicitor of Labor<br><br>Frank V. McDermott, Jr.<br>Regional Solicitor<br><br>_____<br>James L. Polianites, Jr.<br>Attorney<br><br>U.S. Department of Labor<br>Attorneys for Complainant<br><br>DATE: May 23, 2005 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Elaine Chao, Secretary of Labor v. Ambiance 401(k) Plan & Trust__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒      Central Division ☐      Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Attorney James L. Polianites, Jr.__
ADDRESS __Office of the Regional Solicitor - JFK Federal Building Room E-375
          Boston, Massachusetts  02203__
TELEPHONE NO. __617-565-2500__

(CategoryForm[1].wpd -5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elaine Chao, Secretary of Labor,
United States Department of Labor

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-565-2500
Office of the Regional Solicitor - JFK Federal Building Room E-375
Boston, Massachusetts 02203

## DEFENDANTS
Ambiance 401(k) Plan & Trust

County of Residence of First Listed Defendant  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [X] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General |  | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sec. 1001
Brief description of cause:
Complaint for Appointment of Fiduciary

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: May 23, 2005
SIGNATURE OF ATTORNEY OF RECORD
Attorney James L. Polianites, Jr.

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.